# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BEST VACUUM, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 04 C 2249 |
| ) | |
| v. ) | Judge William T. Hart |
| ) | |
| IAN DESIGN, INC., ) | Magistrate Judge |
| ) | Martin C. Ashman |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Best Vacuum, Inc., filed a complaint accusing Defendant, Ian Design, Inc., of trademark infringement, trademark dilution and unfair competition arising under 15 U.S.C. §§ 1114(1), 1125(c), 1125(a), and of deceptive trade practices arising under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2. Defendant now moves this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's complaint. Plaintiff opposes Defendant's motion. This matter comes before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1 for a Report and Recommendation.

### I. Background

Plaintiff is an Illinois corporation with its principal place of business in Chicago, Illinois. Plaintiff has done business under the name "Best Vacuum" since 1983, (Pl.'s Compl. at 5), and registered its internet domain name "bestvacuum.com" in May 1996. (Pl.'s Compl. at 2.) Plaintiff sells vacuum cleaners, air purifiers, air conditioners, dehumidifiers, humidifiers, lamps, lighting, dust bags, filters, accessories and related products through its retail stores and its

internet web site. Plaintiff currently sells eight different brands of vacuum cleaner, including Miele and Dyson brand vacuum cleaners.

Defendant is a New Jersey corporation. Like Plaintiff, Defendant sells vacuum cleaners and related products, including Miele and Dyson brand vacuum cleaners. Like Plaintiff, Defendant sells vacuum cleaners and related products on and through the internet. (Def.'s Mem. Supp. Mot. at 1.)

On November 6, 2003, Defendant registered the internet domain name "bestvacuumcleaner.com." (Pl.'s Compl. at 6.) According to Plaintiff, in February 2004, Plaintiff demanded that Defendant stop using the "bestvacuumcleaner.com" domain name because it was confusingly similar to "bestvacuum.com." (Pl.'s Compl. at 2.) Defendant did not stop using its domain name and, on February 14, 2004, Defendant registered the domain name "bestchoicevacuums.com." (Id.) Defendant actively promotes both of its domain names through advertising and actively solicits sales and invites potential customers to engage in a variety of interactive exchanges at its website.

On March 26, 2004, Plaintiff filed its complaint accusing Defendant of trademark infringement, trademark dilution and unfair competition arising under 15 U.S.C. §§ 1114(1), 1125(c), 1125(a), and of deceptive trade practices arising under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2. On September 3, 2004, Defendant filed its motion to dismiss Plaintiff's complaint.

## II. Discussion

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant moves to dismiss Counts I, II, III and IV of Plaintiff's complaint for failure to state a claim upon which relief can be granted. In the alternative, and pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, Defendant argues that Plaintiff should at least be ordered to provide a more definite statement as to Counts II, III and IV.

When considering Defendant's 12(b)(6) motion, the Court accepts the facts alleged in Plaintiff's complaint in the light most favorable to Plaintiff, the non-moving party. *Guise v. BWM Mortgage, L.L.C.*, 377 F.3d 795, 798 (7th Cir. 2004). All well-pleaded allegations of Plaintiff's complaint must be accepted as true. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). Ambiguities in the complaint must be construed in favor of Plaintiff. *Id.* Dismissal is proper only if it appears beyond a doubt that Plaintiff can prove no set of facts to support the allegations in its claims. *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir. 2003).

Defendant's Rule 12(e) motion for more definite statement will be granted if Plaintiff's complaint is "so vague or ambiguous that [Defendant] cannot reasonably be required to frame a responsive pleading . . . ." Fed. R. Civ. P. 12(e). In other words, a Rule 12(e) motion is appropriate only where the pleadings are so vague or ambiguous that Defendant cannot respond, even with a simple denial, in good faith or without prejudice to itself. *Dimensions Med. Ctr., Ltd. v. Principal Fin. Group, Ltd.,* No. 93 C 6264, 1995 WL 51586, at *3 (N.D. Ill. Feb. 6, 1995). Rule 12(e) motions for more definite statement are generally disfavored. *McCann v. Soo Line R.R. Co.*, No. 02 C 0548, 2002 WL 31045383, at *3 (N.D. Ill. Sept. 11, 2002); *U.S. for the*

*Use of Argyle Cut Stone Co., Inc. v. Paschen Contractors, Inc.*, 664 F. Supp. 298, 303 (N.D. Ill. 1987).

### A.     Count I

Count I of Plaintiff's complaint alleges trademark infringement pursuant to Section 32 of the Lanham Act, 15 U.S.C. § 1114. (Pl.'s Compl. at 8.) Specifically, Plaintiff alleges that Defendant's use of the "bestchoicevacuums.com" and "bestvacuumcleaner.com" domain names to promote, market, or sell products in direct competition with Plaintiff constitutes trademark infringement. Plaintiff alleges that this infringement has caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

Defendant argues that Count I must be dismissed because Plaintiff does not have a registered mark. Section 32 of the Lanham Act targets those who use in commerce any copy, reproduction, counterfeit, or colorable imitation of a registered mark without permission of the registrant. 15 U.S.C. § 1114(1)(a). Unlike some sections of the Lanham Act, Section 32 explicitly protects against infringement of a "registered mark." *See Brennan's, Inc. v. Brennan's Rest., L.L.C.*, 360 F.3d 125, 129-30 (2d Cir. 2004); *Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 146 (2d Cir. 2003); *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1388 n.1 (8th Cir. 1991); *Maier Brewing Co. v. Fleischmann Distilling Corp.*, 390 F.2d 117, 119 (9th Cir. 1968); *S Indus., Inc. v. Diamond Multimedia Sys., Inc.*, 991 F. Supp. 1012, 1017 (N.D. Ill. 1998). Plaintiff does not have a registered mark. On July 28, 2003, Plaintiff applied for registration of its "Best Vacuum" trademark to the United States Patent and Trademark Office. (Pl.'s Compl. at

5.) That application was initially refused and is currently pending with the United States Patent & Trademark Office. (Decl. James Kole at Ex. A.) Because Plaintiff does not have a registered mark, and because Section 32 of the Lanham Act protects only registered marks, Plaintiff's Count I fails to state a claim upon which relief can be granted. Accordingly, the Court recommends that Count I of Plaintiff's complaint be dismissed.

**B.     Count II**

Count II of Plaintiff's complaint alleges trademark dilution under Section 43 of the Lanham Act, 15 U.S.C. § 1125(c). Specifically, Plaintiff alleges that Defendant's use of the domain names "bestchoicevacuums.com" and "bestvacuumcleaner.com" to promote, market, or sell identical products as Plaintiff constitutes willful trademark dilution pursuant to 15 U.S.C. § 1125(c). Plaintiff alleges that Defendant's intentional and willful dilution of Plaintiff's trademark has caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

Defendant argues that Plaintiff does not satisfactorily allege that its mark is famous for purposes of 15 U.S.C. § 1125(c). 15 U.S.C. § 1125(c) provides that,

> The owner of a famous mark shall be entitled, subject to the principles of equity and upon such terms as the court deems reasonable, to an injunction against another person's commercial use in commerce of a mark or trade name, if such use begins after the mark has become famous and causes dilution of the distinctive quality of the mark . . . .

15 U.S.C. § 1125(c)(1). Thus, to prove a dilution claim, Plaintiff must show that (1) its mark, "Best Vacuum," is famous; (2) the alleged infringer, Defendant, adopted the mark "Best Vacuum" after the mark became famous; (3) Defendant diluted the mark; and (4) Defendant's use

xxx

<␛

<␛

is commercial and in commerce. *Syndicate Sales, Inc. v. Hampshire Paper Corp.*, 192 F.3d 633, 639 (7th Cir. 1999). When determining whether a mark is famous under 15 U.S.C. § 1125(c), courts may consider:

> (A) the degree of inherent or acquired distinctiveness of the mark; (B) the duration and extent of use of the mark in connection with the goods or services with which the mark is used; (C) the duration and extent of advertising and publicity of the mark; (D) the geographical extent of the trading area in which the mark is used; (E) the channels of trade for the goods or services with which the mark is used; (F) the degree of recognition of the mark in the trading areas and channels of trade used by the mark's owner and the person against whom the injunction is sought; (G) the nature and extent of use of the same or similar marks by third parties; and (H) whether the mark was registered . . . .

15 U.S.C. § 1125(c)(1)(A)-(H).

Plaintiff alleges that its mark is famous. According to Plaintiff, "Best Vacuum" is "one of the most widely recognized brands in the nation," (Pl.'s Compl. at 6), whose "fame and goodwill . . . is one of [Plaintiff's] most valuable corporate assets." (Id.) Plaintiff claims to be "a world leader in the market for vacuum cleaners sold to consumers via the Internet," (Pl.'s Compl. at 5), and "the leading United States distributor" of Miele brand vacuum cleaners. (Id.) Plaintiff also claims to have spent over one million dollars marketing its products using the mark "Best Vacuum." (Id.) And Plaintiff claims to have fifty thousand customers. (Id.) Construing all ambiguities in favor of Plaintiff, Plaintiff's claims of trademark recognition, significant advertising expenditures, and commercial success suggest that Plaintiff may be able to prove its claim.

Plaintiff alleges that its mark became famous prior to Defendant's use of its mark. As noted above, Plaintiff alleges that its trademark, "Best Vacuum" is famous as a result of significant advertising expenditures and successful business practices. Plaintiff further alleges

that it has been operating under the name "Best Vacuum" since 1983, doing business on the internet under the name "Best Vacuum" since 1996, and that it applied for registration with the United States Patent & Trademark Office on July 28, 2003. (Pl.'s Compl. at 5.) Defendant registered the internet domain name "bestvacuumcleaner.com" on November 6, 2003, and the internet domain name "bestchoicevacuums.com" on February 14, 2004. (Pl.'s Compl. at 6.) Construing all ambiguities in favor of Plaintiff, the chronology of events described by Plaintiff suggests that, to the extent Plaintiff's mark achieved fame, the mark achieved fame prior to Defendant's registration of either contested domain name. Thus, Plaintiff may be able to prove its Count II claim.

Because Plaintiff sufficiently pled its 15 U.S.C. § 1125(c) claim, this Court recommends that Defendant's motion to dismiss Count II of Plaintiff's complaint be denied. Furthermore, as Plaintiff has sufficiently pled Count II, the Court recommends denying Defendant's 12(e) motion for more definite statement as to (a) the specific elements supporting Plaintiff's allegation that its mark is "famous" and (b) the date upon which Plaintiff's mark allegedly became famous. Those items are generally the subject of discovery.

### C. Count III

Count III of Plaintiff's complaint alleges unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Specifically, Plaintiff alleges that Defendant's use of the "bestchoicevacuums.com" and "bestvacuumcleaner.com" marks to promote, market, or sell products in direct competition with Plaintiff constitutes unfair competition under 15 U.S.C. § 1125(a). Plaintiff claims that Defendant's use of the "bestchoicevacuums.com" and

"bestvacuumcleaner.com" marks is likely to cause confusion, mistake, and deception among consumers, and that use of these marks has caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

Defendant argues that Plaintiff fails to specify whether Defendant allegedly violated 15 U.S.C. § 1125(a)(1)(A) or 1125(a)(1)(B). Section 1125(a)(1)(A) targets anyone who uses in commerce a mark, symbol, false designation of origin, or false or misleading representation, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person. Section 1125(a)(1)(B) goes on to target anyone who uses in commerce a mark, symbol, false designation of origin, or false or misleading representation, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities.

Plaintiff's Count III claim is sufficient. Whether alleging a violation of Section 1125(a)(1)(A) or 1125(a)(1)(B), Plaintiff's complaint gives Defendant sufficient notice of the claims alleged and the grounds upon which they rest to survive a 12(b)(6) motion. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957). Furthermore, Defendant is capable of responding to these allegations in good faith and without prejudice to itself, so Defendant's 12(e) motion should be denied. *See Dimensions Med. Ctr., Ltd.*, 1995 WL 51586, at *3. In short, there are no pleading requirements under which a specific section of a law must be cited in a complaint.

While Plaintiff's allegations are sufficiently clear to survive Defendant's 12(b)(6) motion, the allegations track the language of Section 1125(a)(1)(A). Section 1125(a)(1)(A) targets

commercial use of a mark that is likely to cause confusion, or to cause mistake, or to deceive. Plaintiff's Count III claims that Defendant's commercial use of certain marks is likely to cause confusion, mistake, and deception among consumers. (Pl.'s Compl. at 9.) Thus, while the Court does not demand greater specificity in Plaintiff's Count III, it is clear that, at a minimum, Plaintiff directly alleges a violation of Section 1125(a)(1)(A).

Defendant argues that Plaintiff fails to allege that it has actually been harmed by lost or diverted sales because of Defendant's alleged conduct. Because of this deficiency, Defendant argues that either Count III should be dismissed, or the Court should dismiss that portion of Count III that seeks monetary damages (as those damages may not be claimed where alleged harm is "likely" but not actual). *See Navistar Int'l Transp. Corp. v. Freightliner Corp.*, No. 97 C 3792, 1997 WL 729060, at *2 (N.D. Ill. Aug. 28, 1997) (dismissing plaintiff's claim for monetary damages under Lanham Act where plaintiff asserted only that it was "likely" to be injured). The Court rejects Defendant's arguments. Plaintiff's Count III explicitly alleges that, "[Defendant's] unfair competition has caused and will continue to cause damage to [Plaintiff] . . . ." (Pl.'s Compl. at 9.) Furthermore, Plaintiff alleges that Defendant is intentionally using a confusingly similar trade name to Plaintiff's in direct competition with Plaintiff in the same channel of commerce. (Pl.'s Compl. at 8.) When combined with Plaintiff's allegation of actual damage, Plaintiff is clearly claiming actual harm, i.e., lost or diverted sales, caused by Defendant's alleged conduct.

Plaintiff has sufficiently pled a violation of Section 43(a) of the Lanham Act and Defendant's 12(b)(6) motion to dismiss all or part of Plaintiff's Count III should be denied.

Because Defendant can answer Plaintiff's allegations in good faith and without prejudice to itself, Defendant's 12(e) motion for more definite statement of fact should be denied as well.

### D.     Count IV

Count IV of Plaintiff's complaint alleges violations of Illinois Deceptive Trade Practices Act, 815 ILCS 510/2 et seq. Specifically, Plaintiff alleges that Defendant's use of the "bestchoicevacuums.com" and "bestvacuumcleaner.com" marks to promote, market, or sell products in direct competition with Plaintiff constitutes deceptive trade practice under 815 ILCS 510/2 et seq. Plaintiff further alleges that Defendant's use of the above mentioned marks is an unfair or deceptive practice occurring in trade or commerce that impacts the public interest and has caused injury to Plaintiff and will continue to cause injury to Plaintiff, including irreparable harm for which there is no adequate remedy at law.

Defendant argues that Plaintiff fails to specifically identify which of the twelve subsections of 815 ILCS 510/2(a) Defendant allegedly violated. Defendant cites to *Stephen & Hayes Const., Inc. v. Meadowbrook Homes, Inc.*, 988 F. Supp. 1194, 1198 (N.D. Ill. 1998) for the proposition that each subsection of 815 ILCS 510/2(a) requires different and distinct elements, so failure to specify a subsection warrants dismissal.

The Illinois Deceptive Trade Practices Act under 815 ILCS 510/2 et seq. contains twelve subsections. The subsections address different types of deceptive trade practices. The first five subsections forbid: (1) passing off goods or services as those of another; (2) causing likelihood of confusion or misunderstanding as to the source of goods; (3) causing likelihood of confusion or misunderstanding as to affiliation, connection or association by another; (4) using deceptive

representations or designations of geographic origin; and (5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, or benefits that they do not have. 815 ILCS 510/2(a)(1)-(5). Even a cursory reading of subsections 510/2(a)(6)-(11) reveals that they are irrelevant to the case a bar.[1] Subsection 510/2(a)(12) is a catch-all provision that covers "any other conduct which similarly creates a likelihood of confusion or misunderstanding." 815 ILCS 510/2(a)(12).

Plaintiff sufficiently pleads Count IV. Plaintiff accuses Defendant of intentionally using a confusingly similar trade name while engaging in direct competition with Plaintiff in order to sell vacuum cleaners by confusing consumers, free-riding on Plaintiff's trademark, and diluting Plaintiff's trademark. (Pl.'s Compl. at 6-9.) Plaintiff claims that these practices are unfair and deceptive and cause injury to the public interest and to Plaintiff. (Pl.'s Compl. at 10.) Plaintiff's allegations are sufficiently definite and clear to provide Defendant notice of the claims against it, and *Stephen & Hayes Const., Inc.* does not convince the Court otherwise. In *Stephen & Hayes Const., Inc.*, the court considered a preemption claim, which required analyzing every element of the state and federal laws in issue and highlighting any differences between 815 ILCS 510/2(a)(2) and 815 ILCS 510/2(a)(3). 988 F. Supp. at 1198. This Court agrees that there are subtle differences between the various subsection of 815 ILCS 510/2(a). The Court finds, however, that

---

[1] Illinois Deceptive Trade Practices Act, 815 ILCS 510/2(a)(6)-(11) reads: "(6) represents that goods are original or new if they are deteriorated, altered, reconditioned, reclaimed, used, or secondhand; (7) represents that goods or services are of a particular standard, quality, or grade or that goods are a particular style or model, if they are of another; (8) disparages the goods, services, or business of another by false or misleading representation of fact; (9) advertises goods or services with intent not to sell them as advertised; (10) advertises goods or services with intent not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity; (11) makes false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions . . . ." 815 ILCS 510/2(a)(6)-(11).

the subsections of 815 ILCS 510/2(a) and Plaintiff's allegations are clear enough that dismissal of the claims is not warranted. As stated above, there is no pleading rule that requires a pleader to match factual allegations with specific subsections of a cited statute. When all ambiguities are decided in Plaintiff's favor, it is clear that Plaintiff has alleged facts that suggest Plaintiff may be able to prove its claim. Furthermore, Defendant is capable of responding to Plaintiff's allegations in good faith and without prejudice to itself, so Defendant's 12(e) motion should be denied.

### III. Conclusion

For the aforementioned reasons, the Court recommends granting Defendant's 12(b)(6) motion to dismiss Count I of Plaintiff's complaint, denying Defendant's 12(b)(6) motions to dismiss Counts II, III, and IV of Plaintiff's complaint, and denying Defendant's 12(e) motions for more definite statements with regard to Counts II, III, and IV of Plaintiff's complaint.

**MARTIN C. ASHMAN**
Dated: January 18, 2005.  United States Magistrate Judge

Written objections to any finding of fact, conclusion of law, or the recommendation for disposition of this matter must be filed with the Honorable William T. Hart within ten (10) days after service of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b). Failure to object will constitute a waiver of objections on appeal.

Copies have been mailed to:

| | |
|---|---|
| DAVID M. ADLER, Esq.<br>David M. Adler, Esq. & Associates, P.C.<br>2 North LaSalle Street<br>Suite 1600<br>Chicago, IL 60602 | CHARLES LEE MUDD, JR., Esq.<br>Law Offices of Charles Lee Mudd, Jr.<br>3344 North Albany Avenue<br>Chicago, IL 60618 |
| Attorney for Plaintiff | Attorney for Defendant |