IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BEST VACUUM, INC., )
)
        Plaintiff, )
)
v. ) No. 04 C 2249
)
IAN DESIGN, INC., a )
New Jersey corporation, )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

This case presents the question: Is the word best (a laudatory or puffing term), when combined with the word vacuum (which describes a product), entitled to trademark protection prohibiting defendant from using as an internet domain name www.bestchoicevacuums.com? Plaintiff Best Vacuum, Inc. is a retailer based in Illinois that sells vacuum cleaners and related products under the name Best Vacuum. Plaintiff began as a retail store in 1983 and began selling on a website, www.bestvacuum.com, in 1996. Plaintiff currently sells eight brands of vacuum cleaners, including Dyson brand products. In November 2003, defendant Ian Design, Inc., which is based in New Jersey, began as an internet retailer selling vacuum cleaners. The only brand

that defendant sells is Dyson.  Initially, defendant used the domain name www.bestvacuumcleaners.com.  In early 2004, after receiving complaints from plaintiff, defendant stopped using that domain name and switched to www.bestchoicevacuums.com, which it continues to use.  Plaintiff thereafter brought this lawsuit seeking to enjoin plaintiff from using either domain name and from using "best vacuum" on its website or in its advertising.  Plaintiff also sought damages.

Plaintiff's trademark infringement claim under 15 U.S.C. § 1114 was previously dismissed because plaintiff has no registered trademark.  See Docket Entry [36] (adopting magistrate judge's report and recommendation regarding complaint [37] ("Recommendation II") at 4-5).  Adopting a separate report and recommendation of the magistrate judge, plaintiff's motion for preliminary injunction was also denied.  See Best Vacuum, Inc. v. Ian Design, Inc., 2005 WL 1185817 (N.D. Ill. Jan. 18, 2005) ("Best Vacuum I") (adopted by Docket Entry [36]).  Still pending are plaintiff's Count II Lanham Act § 43(c) (15 U.S.C. § 1125(c)) claim for trademark dilution; Count III Lanham Act § 43(a) (15 U.S.C. § 1125(a)) claim for unfair competition (trademark infringement); and the Count IV state law claim for violation of various aspects of the Illinois Deceptive Trade

Practices Act, 815 ILCS 510/2.[1] Pending before the court are plaintiff's partial motion for summary judgment for liability on Count III[2] and defendant's motion for summary judgment dismissing the three remaining counts. Defendant's motion will be considered first.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. Eiencorp, Inc. v. Rocky Mountain Radar, Inc., 398 F.3d 962, 965 (7th Cir. 2005); Estate of Moreland v. Dieter, 395 F.3d 747, 758 (7th Cir.), cert. denied, 545 U.S. 1115 (2005); Hall v. Bennett, 379 F.3d 462, 464 (7th Cir. 2004); Hudson v. Chicago Transit Authority, 375 F.3d 552, 558 (7th Cir. 2004). The burden of establishing a lack of any genuine issue of material fact rests on the movant. Outlaw v. Newkirk, 259 F.3d 833, 837 (7th Cir. 2001); Wollin v. Gondert, 192 F.3d 616, 621-22 (7th Cir. 1999). The nonmovant, however, must make a showing sufficient to establish any essential element for which it will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Binz v. Brandt Construction Co.,

---

[1] For a delineation of the various aspects of Count IV, see Recommendation II at 10-12.

[2] Although plaintiff's motion refers to Count II, plaintiff is moving for summary judgment on its § 43(a) claim, which is Count III.

301 F.3d 529, 532 (7th Cir. 2002); Traylor v. Brown, 295 F.3d 783, 790 (7th Cir. 2002). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. Celotex, 477 U.S. at 324. Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. See Yasak v. Retirement Board of Policemen's Annuity & Benefit Fund of Chicago, 357 F.3d 677, 679 (7th Cir. 2004); NLFC, Inc. v. Devcom Mid-America, Inc., 45 F.3d 231, 236 (7th Cir.), cert. denied, 515 U.S. 1104 (1995); Covalt v. Carey Canada, Inc., 950 F.2d 481, 485 (7th Cir. 1991); Collins v. Associated Pathologists, Ltd., 844 F.2d 473, 476-77 (7th Cir.), cert. denied, 488 U.S. 852 (1988); Shyman v. UNUM Life Insurance Co. of America, 2004 WL 609280 *2 (N.D. Ill. March 25, 2004), aff'd, 427 F.3d 452 (7th Cir. 2005). As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the initial burden of production to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Logan v. Commercial Union Ins. Co., 96 F.3d 971, 978 (7th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (citation and internal quotation omitted)). The moving party may discharge this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325, 106 S. Ct. 2548. Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing

that there is a genuine issue for trial." Fed.
R. Civ. P. 56(e). "The nonmovant must do
more, however, than demonstrate some factual
disagreement between the parties; the issue
must be 'material.'" Logan, 96 F.3d at 978.
"Irrelevant or unnecessary facts do not preclude
summary judgment even when they are in dispute."
Id. (citation omitted). In determining whether
the nonmovant has identified a "material" issue
of fact for trial, we are guided by the
applicable substantive law; "[o]nly disputes that
could affect the outcome of the suit under
governing law will properly preclude the entry of
summary judgment." McGinn v. Burlington Northern
R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996)
(citation omitted). Furthermore, a factual
dispute is "genuine" for summary judgment
purposes only when there is "sufficient evidence
favoring the nonmoving party for a jury to return
a verdict for that party." Anderson v. Liberty
Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505,
91 L. Ed. 2d 202 (1986). Hence, a "metaphysical
doubt" regarding the existence of a genuine fact
issue is not enough to stave off summary
judgment, and "the nonmovant fails to demonstrate
a genuine issue for trial 'where the record taken
as a whole could not lead a rational trier of
fact to find for the non-moving party . . . .'"
Logan, 96 F.3d at 978 (quoting Matsushita Elec.
Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S.
574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538
(1986)).

Outlaw, 259 F.3d at 837.

Local Rule 56.1(a)(3) requires that the moving party file a statement of facts setting forth all facts it contends are undisputed and citing support thereof. The opposing party is required to respond to each factual statement setting forth any disagreements and citing support for any disagreements. N.D. Ill. Loc. R. 56.1(b)(3)(B). If no response is filed or no

disagreement stated, facts set forth in the moving party's Rule 56.1(a)(3) statement may be deemed to be true for purposes of ruling on summary judgment. Id. 56.1(b)(3)(C); F.T.C. v. Bay Area Business Council, Inc., 423 F.3d 627, 633-34 (7th Cir. 2005). In response to the motion for summary judgment, the responding party may also set forth a statement of additional facts. N.D. Ill. Loc. R. 56.1(b)(3)(C). The moving party may reply to the Rule 56.1(b)(3)(C) statement of additional facts and any facts contained in the Rule 56.1(b)(3)(C) statement will be deemed to be true for purposes of summary judgment if not controverted by the moving party. Id. 56.1(a) (last paragraph); Apex Oil Co. v. Metropolitan Water Reclamation District of Greater Chicago, 2006 WL 566451 *1 n.1 (N.D. Ill. March 3, 2006). It is within the district court's discretion as to how strictly to enforce the requirements of Local Rule 56.1. Stanciel v. Gramley, 267 F.3d 575, 579 (7th Cir. 2001); Etheridge v. United States Army, 2005 WL 88970 *2 (N.D. Ill. Jan. 11, 2005).

The present case is in a somewhat unusual posture. Plaintiff moved for summary judgment. Consistent with Local Rule 56.1(a)(3), plaintiff filed its statement of facts. A briefing schedule was set which included a reply from plaintiff. Both parties' summary judgment motions were to be briefed on one schedule. See Nov. 9, 2005 Tr. at 4. Defendant answered plaintiff's summary judgment motion and filed its own cross

motion for summary judgment. Defendant filed its Rule 56.1(b)(3)(B) response and also a Rule 56.1(b)(3)(C) statement of additional facts. Defendant designated its two statements as also being statements in support of its cross motion for summary judgment. Plaintiff did not file any reply. Thus, plaintiff did not respond to defendant's Rule 56.1 statements nor to the cross-motion arguments contained in defendant's brief.

For purposes of plaintiff's summary judgment motion, defendant's statement of additional facts is deemed to be true. Since plaintiff provided no express response to defendant's summary judgment motion, the facts contained in defendant's Rule 56.1 statements could be deemed true for purposes of defendant's summary judgment motion as well. Defendant, however, did not provide a separately delineated statement of facts for its summary judgment motion. It would be awkward to treat defendant's response to plaintiff's facts as an affirmative delineation of facts supporting defendant's summary judgment motion. It would be straightforward to treat defendant's statement of additional facts as its facts in support of its own summary judgment motion. However, it should not be ignored that plaintiff did file its own factual assertions and that it provided evidentiary support for those assertions. Factual assertions that are made by defendant, but not addressed in plaintiff's factual statement, will be deemed admitted for

purposes of defendant's summary judgment motion. To the extent, however, that defendant's factual assertions are addressed in plaintiff's Rule 56.1(a)(3) statement, the assertions made by plaintiff and the supporting evidence submitted by plaintiff will be considered in determining whether a genuine factual dispute exists.

The parties agree that the Count IV state law claim need not be expressly considered. If plaintiff is successful on its Count III claim, it represents that it is unnecessary to further pursue Count IV. Plaintiff does not dispute that Count IV should also be dismissed if Counts II and III are subject to dismissal. Cf. Best Vacuum I, 2005 WL 1185817 at *13.

Since plaintiff does not have a registered trademark, it cannot succeed on its Count III § 43(a) claim unless it has a protectable mark. CAE, Inc. v. Clean Air Engineering, Inc., 267 F.3d 660, 673-74 (7th Cir. 2001); International Kennel Club of Chicago, Inc. v. Mighty Star, Inc., 846 F.2d 1079, 1084 (7th Cir. 1988); Best Vacuum I, 2005 WL 1185817 at *2. The parties agree that Best Vacuum is a descriptive mark. See id. at *3. To be protectable under § 43(a), a descriptive mark generally must acquire secondary meaning. See 15 U.S.C. §§ 1052(e), (f); Peaceable Planet, Inc. v. Ty, Inc., 362 F.3d 986, 988 (7th Cir.), cert. denied, 543 U.S. 869 (2004); Bliss Salon Day Spa v. Bliss World LLC, 268 F.3d 494, 496-97 (7th Cir. 2001); Packman v.

Chicago Tribune Co., 267 F.3d 628, 641-42 (7th Cir. 2001); Best Vacuum I, 2005 WL 1185817 at *4. In this case, the parties agree that plaintiff cannot succeed on Count III unless it can show secondary meaning.

"A mark acquires secondary meaning when it has been used so long and so exclusively by one company in association with its products or services in that particular industry that the 'word, term, name, symbol, or device' has come to mean that those products or services are the company's trademark." Platinum Home Mortgage Corp. v. Platinum Financial Group, Inc., 149 F.3d 722, 728 (7th Cir. 1998) (quoting 15 U.S.C. § 1125(a)(1)). "[S]econdary meaning can be established through direct consumer testimony, consumer surveys, length and manner of use, amount and manner of advertising, volume of sales, place in the market, and evidence of intentional copying." Packman, 267 F.3d at 641; Best Vacuum I, 2005 WL 1185817 at *4. The burden is on plaintiff to show secondary meaning. Ty Inc. v. Softbelly's Inc., 353 F.3d 528, 530 (7th Cir. 2003); Platinum, 149 F.3d at 727; Custom Vehicles, Inc. v. Forest River, Inc., 2005 WL 3299499 *4 (N.D. Ind. Dec. 2, 2005).

Defendant commissioned an online survey of 300 random Internet consumers. Only 5 (1.67%) had heard of plaintiff's website and only 6 (2%) had heard of plaintiff's retail store. When given only four choices as to what the term "best vacuum"

meant to the respondent, only 14 (4.67%) chose "A retail store named 'Best Vacuum.'" 82.33% instead chose "A descriptive term used to describe the best vacuum cleaner."[3] The only survey-type evidence submitted by plaintiff are six selected responses to questionnaires that were handed out to customers at its retail store. In response to how long they had been aware of the store, responses ranged from one month to "forever." Plaintiff also points to selected epinions.com responses from customers who used its website, all of which compliment the company and most of which specifically refer to the name "Best Vacuum." These selective responses from a targeted audience are of little or no probative value. See Best Vacuum I, 2005 WL 1185817 at *4. The survey evidence submitted by defendant goes against finding secondary meaning.

It is undisputed that plaintiff has had a retail store using the Best Vacuum name since 1983 and that it has used its domain name since 1996. Defendant, though, points to undisputed evidence that the term "best vacuum" is used extensively on the internet. Many entities claim to sell the best vacuums. The term appears in the visible portion of websites, in metatags, and as adwords. Yahoo and Google searches of the term "best vacuum"

---

[3]The other two choices were: "The Dyson brand of vacuum cleaner" (11.33%) and "A musical group" (1.67%).

produce more than 3,000,000 web page results.  Plaintiff has had lengthy use of the name, but not exclusive use.

There is no evidence of intentional copying.  It is undisputed that defendant's principal had no knowledge of plaintiff at the time defendant obtained its domain name.

Since 1983, a period of more than 20 years, plaintiff has spent more than $1,000,000 promoting its Best Vacuum mark and its website.  As of March 2004, plaintiff was spending approximately $60,000 per month on Internet advertising.  Plaintiff also has advertised in the Chicago Tribune and Chicago Magazine, and on radio and television.[4]  In 2003, plaintiff's gross sales through its website were approximately $3,750,000.  In his affidavit, plaintiff's president conclusorily states that plaintiff is "A leading sales representative in the United States for Miele brand vacuum cleaners."  There is no evidence to support plaintiff's national position in the vacuum cleaner sales market as a whole.  The evidence does not support that plaintiff is dominant in the market.  The evidence of advertising, which is lacking in detail and context, is insufficient to provide any significant support for secondary meaning.  See Best Vacuum I, 2005 WL 1185817 at *5.

The evidence presented on summary judgment would be insufficient for a reasonable jury to find that plaintiff has

---

[4]The affidavit provided to support this fact does not establish when the print, radio, and television advertising occurred.

established secondary meaning, an essential element of its Count III claim. Therefore, defendant is entitled to summary judgment dismissing Count III.

As to the Count II § 43(c) dilution claim, defendant contends secondary meaning is also an essential element of that claim. Since plaintiff did not respond to defendant's cross motion for summary judgment (and did not address the dilution claim in its own motion), plaintiff makes no contention to the contrary. Secondary meaning is not directly an element of a dilution claim. In the present type of situation, though, failure to raise a genuine factual dispute as to the existence of secondary meaning dooms plaintiff's dilution claim.

An essential element of a dilution claim is that the mark is famous. 15 U.S.C. § 1125(c)(1); AM General Corp. v. DaimlerChrysler Corp., 311 F.3d 796, 811 (7th Cir. 2002); Best Vacuum I, 2005 WL 1185817 at *14. The statute expressly provides that a claim under § 43(c) requires that the "distinctive quality" of the mark be diluted. 15 U.S.C. § 1125(c)(1) (2005). It also refers to the mark being "distinctive and famous." Id. The degree of distinctiveness is also listed as a factor to consider in determining whether a mark is famous. Id. § 1125(c)(1)(A); Am General, 311 F.3d at 812.[5]  The

---

[5]Effective October 6, 2006, § 43(c) (15 U.S.C. § 1125(c)) was amended. Any relevant changes would probably not apply to plaintiff's claim for damages incurred prior to that date, but

distinctiveness may be either inherent or acquired through secondary meaning, see id. at 804, but there must be at least some degree of distinctiveness for the mark to qualify as famous. See id. at 811-12; ITC Ltd. v. Punchgini, Inc., 373 F. Supp. 2d 275, 288 (S.D.N.Y. 2005); Washington Speakers Bureau, Inc. v. Leading Authorities, Inc., 33 F. Supp. 2d 488, 502 (E.D. Va. 1999), aff'd by unpublished order, 217 F.3d 843 (4th Cir. 2000). Since plaintiff's mark is descriptive, it does not have inherent distinctiveness. Wal-Mart Stores, Inc. v. Samara Brothers, Inc., 529 U.S. 205, 213 (2000). Plaintiff's mark can only have distinctiveness if it has secondary meaning. As previously discussed, plaintiff's mark does not have secondary meaning. Therefore, it has no distinctiveness and cannot support a dilution claim. Defendant is entitled to summary judgment dismissing count II.

Since defendant is entitled to summary judgment, it is unnecessary to separately consider plaintiff's summary judgment motion. Plaintiff's summary judgment motion will be denied.

---

the changes would apply to any subsequent damages and prospective injunctive relief. The amendment makes more clear that being distinctive is a necessary element of a mark being famous. Section 1125(c)(1) now provides for relief based on "a famous mark that is distinctive" and also makes clear that a dilution claim can be based on acquired distinctiveness. The degree of distinctiveness is no longer expressly listed as a factor to consider "[i]n determining whether a mark possesses the requisite degree of recognition." 15 U.S.C. § 1125(c)(2)(A) (2006).

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment [52] is denied. Defendant's motion for summary judgment [56] is granted. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff dismissing plaintiff's cause of action with prejudice.

ENTER:

*[Signature: William T. Hart]*
UNITED STATES DISTRICT JUDGE

DATED: NOVEMBER 21, 2006